THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SILVANA ESTHER GOMEZ PAZ, Individually and as natural mother and next friend for ALSG, SCFP, SMGP,<br><br>Plaintiff.<br><br>v.<br><br>INTERMOUNTAIN HEALTHCARE INC., and DOES 1-X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00797-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Silvana Esther Gomez Paz's ("Ms. Gomez Paz") complaint.[2] Ms. Gomez Paz has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Ms. Gomez Paz's complaint under the authority of the IFP Statute. For the reasons explained below, the court concludes that Ms. Gomez Paz fails to state a plausible claim for relief and, therefore, orders Ms. Gomez Paz to file an amended complaint by April 24, 2023.

---

[1] ECF No. 7.

[2] ECF No. 4.

[3] ECF No. 3.

## BACKGROUND

Ms. Gomez Paz's complaint names as defendants Intermountain Healthcare Inc., ("IHC") and Does 1 through X.[4] Ms. Gomez Paz appears to assert causes of action under 42 U.S.C. § 1983 for violation of her rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").[5] Additionally, Ms. Gomez Paz appears to also assert causes of action for "defamation" and "intentional infliction of emotional distress."[6]

Ms. Gomez Paz claims that, while her infant child was receiving medical care at IHC's Primary Children's Hospital ("PCH") hospital staff "placed malicious remarks about [Ms. Gomez Paz]" in her child's patient notes.[7] In support of her claims, Ms. Gomez provides the following facts:

- From at least January 2019, through at least November, 2022, and beyond, Defendants violated [HIPAA] by depriving [Ms. Gomez Paz] and her children [] access to and accuracy of their protected health information. Specifically, [Ms. Gomez Paz] claims that the Defendants fraudulently placed malicious remarks under "psychotherapy notes" section of her health information to restrict her rights to access and unlawfully conceal malicious statements since 2019, which caused irreparable harm to [Ms. Gomez Paz's] character and privacy rights under HIPPA law . . . The Defendants acted in bad faith by attempting to unfavorably classify [Ms. Gomez Paz] and justify[ing] improper disclosures under the color of 45 CFR 164.512(j).[8]

- Upon the transfer to [PCH], Jane Nampijja, licensed social worker from the University of Utah Hospital placed malicious remarks about the mother in her child's nurses Kardex notes as follows: "Per U of U Social Work, mom tends to be histrionic, to complain vehemently about RNs or harass online. Possibly litigious–refer to social work if she

---

[4] ECF No. 4 at 1.

[5] Id.

[6] Id. at 7-8.

[7] Id. at 4.

[8] Id. at 1-2.

    requests records. Uncertain paternity, but husband is legally Dad. Ok to visit and receive med info. Dad has hx of being security concern."[9]

- After [Ms. Gomez Paz] discussed these notes with PCH's NICU management, these notes were removed from the nurses' [patient notes] after a few weeks. However, the defamation did not cease.[10]

- These notes were passed on to the entire NICU staff at [PCH] and later put as a [flag] in the University of Utah's medical information system and still can be found today whenever [Ms. Gomez Paz] goes to any medical visit for her or her children.[11]

- In addition, after this was distributed by PCH's nurses, there were other random notes placed upon PCH's hospital records by [IHC's] staff, including Resident Doctor Tim Ohlsen indicating that [Ms. Gomez Paz] had been reported to CPS for investigation of concerns do not mention which and bluntly qualifying [Ms. Gomez Paz] as a liar without providing any reason or motive. A copy of the note is provided herein as Plaintiffs Exhibit A and provides as follows: "Dr. Ohlsen wanted to report social concerns. They are concerned about mom's ability to care for the twins. She has been lying to the staff. Mom complains of domestic violence (sic) and questions husband's paternity. Mom has a protective order against Dad. Dad has been visiting baby when mom is not there. They are living at Ronald McDonald house but should be moving at the end of the week. They have made a DCFS referral just to make them aware that there may he problems with this family. I placed the discharge summary in your box. Maren Butler, RN."[12]

- To date, [Ms. Gomez Paz] has made several requests for information to the [IHC] Information Management Department within hers and the children's medical records and they have not been able to obtain the notes referred above. The most recent made in June 2022.[13]

- To date, [these] false malicious remarks may or may not remain on both children's medical history, further defaming and unlawfully concealing harassment to their mother, [Ms. Gomez Paz].[14]

---

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 5.

[13] *Id.* at 6.

[14] *Id.*

3

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[15] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss under Fed. R. Civ. P. 12(b)(6).[16] Under that standard, the court "look[s] for plausibility in th[e] complaint."[17] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[18] In making this determination, the court accepts all factual allegations as true but does not assume that legal conclusions stated in the complaint are valid.[19]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[20] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint

---

[15] 28 U.S.C. § 1915(e)(2)(B)(ii).

[16] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[17] *Id*. at 1218 (quotations and citation omitted) (second alteration in original).

[18] *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (second and third alterations in original) (other quotations and citation omitted).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[20] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[21] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[22] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[23] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[24] After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[25]

In analyzing Ms. Gomez Paz's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[26] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[27] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes

---

[21] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[22] *Id.*

[23] *Twombly*, 550 U.S. at 555.

[24] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[25] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

[26] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[27] *Bellmon*, 935 F.2d at 1110.

facts that have not been pleaded."²⁸ Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.²⁹

## ANALYSIS

The court orders Ms. Gomez Paz to file an amended complaint because, as demonstrated below, Ms. Gomez Paz has failed to state a plausible claim under either 42 U.S.C. § 1983 or HIPAA and the court will not exercise its supplemental jurisdiction to hear her state law claims until there are viable federal claims. However, because Ms. Gomez Paz might be able to amend her complaint to cure these issues, the court affords her the opportunity to do so.

**I.  Ms. Gomez Paz Fails to State a Claim Under 42 U.S.C. § 1983.**

Ms. Gomez Paz's claims do not provide any basis for relief under 42 U.S.C. § 1983. To prevail on a § 1983 claim alleging a deprivation of constitutional rights, a plaintiff must show that she was injured as a result of *state action*.³⁰ Thus, *private action*, "no matter how

---

²⁸ *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).
²⁹ *Bellmon*, 935 F.2d at 1110 (citations omitted).
³⁰ *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 935 (1982).

discriminatory or wrongful," may not be redressed by a § 1983 claim.[31] Ms. Gomez Paz named a private hospital system—not a state actor—as the Defendant in this case. Ms. Gomez Paz has neither alleged that IHC is a state actor nor that IHC's action can be imputed to the government.[32] In fact, Ms. Gomez Paz has not made any factual allegations regarding conduct by any identified government official. Therefore, Ms. Gomez Paz fails to state a § 1983 claim against IHC, which requires the claim's dismissal.

## II. Ms. Gomez Paz Fails to State a Claim Under HIPPA.

Ms. Gomez Paz fails to state a claim under HIPPA because no private right of action exists under HIPPA.[33] In the absence of a private right of action, Ms. Gomez Paz cannot state an actionable federal claim for relief. Therefore, this claim should be dismissed.

## III. The Court Will Address Whether it Will Exercise Supplemental Jurisdiction Over Ms. Gomez Paz's State Law Tort Claims After She Amends Her Complaint.

In addition to asserting claims under § 1983 and HIPAA, Ms. Gomez Paz appears to also assert state law causes of action for "defamation" and "intentional infliction of emotional

---

[31] *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations and citation omitted).

[32] *Read v. Klein*, 1 F. App'x 866, 870-871 (10th Cir. 2001) (a private party *may* be considered a state actor if "(1) there is a close nexus between the government and the challenged conduct; (2) the state has insinuated itself into a position of interdependence with a private party; (3) a private party is a willing participant with the state or its agents; and (4) the state delegates to the private party a traditional government function.").

[33] *Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 686 (10th Cir. 2019) (citation omitted); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1269 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information.").

distress."[34] Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over certain state law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary.[35] The court exercises its discretion not to hear the state law claims unless and until Ms. Gomez Paz states a federal claim on which relief can be granted.[36]

### IV. The Court Permits Ms. Gomez Paz to Amend Her Complaint.

Although the court could recommend dismissal of this case under Fed. R. Civ. P. 12(b)(6), the court instead provides Ms. Gomez Paz with an opportunity to amend her complaint. Ms. Gomez Paz must file an amended complaint on or before April 24, 2023, that remedies the deficiencies addressed above. Failure to do so will result in the court recommending dismissal of this action.

---

[34] ECF No. 4 at 7-8. *See, e.g.*, *Jackson v. Brown*, 904 P.2d 685, 687–88 (Utah 1995) (describing the state law tort of IIED); *West v. Thomson Newspapers*, 872 P.2d 999, 1007–08 (Utah 1994) (describing the state law torts of defamation and defamation by implication).

[35] 28 U.S.C. § 1367(c).

[36] If Ms. Gomez Paz fails to file an amended complaint, the court declines to exercise supplemental jurisdiction over her state law claims because the court will recommend dismissal of Ms. Gomez Paz's federal claims in her initial complaint under Fed. R. Civ. P. 12(b)(6). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

**ORDER**

The court ORDERS as follows:

1. Ms. Gomez Paz is ordered to file an amended complaint by April 24, 2023. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Ms. Gomez Paz's failure to file an amended complaint may result in a recommendation to dismiss this action.

IT IS SO ORDERED.

DATED this 23rd day of March 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge